IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JANE DOE, a United States resident and citizen,

*Plaintiff,*

v.

MARK ANTHONY YOUNG, a United Kingdom citizen,
CAROL AALIYAH MUHAMMAD, a United Kingdom citizen,
and ELITE AB CLINIC, Ltd., a United Kingdom corporation,

*Defendants.*

## MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe ("Ms. Doe") respectfully moves the Court to allow her to proceed in this matter under a pseudonym. F.R.C.P. 10(a) requires that "[t]he title of a complaint must name all the parties." Under limited circumstances, however, parties may be permitted to use a pseudonym like "Jane Doe" to preserve their anonymity.

Established Tenth Circuit jurisprudence affords this Court the discretion of allowing the parties in this case to depart from the usual rule of full disclosure and proceed using pseudonyms in lieu of Plaintiff's actual name. See *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). The exercise of such discretion turns on a finding of "exceptional circumstances […] warranting some form of anonymity in judicial proceedings," namely, "cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227

1

F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted). The preceding list is non-exhaustive, and this Court may consider in addition:

> "[W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

*Doe v. Heil*, No. 08-cv-02342-WYD-CBS, 2008 U.S. Dist. LEXIS 94551, at *6 (D. Colo. 2008) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). As will be explained in more detail below, the above factors weigh heavily in favor of (a) allowing Plaintiff leave to file her Complaint under the pseudonym "Jane Doe," and (b) requiring the parties to refer to Plaintiff by the pseudonym "Jane Doe" in all future pleadings, in order to protect both her physical and mental well-being, as well as her sensitive private interests involving the professional sex industry.[1]

Over the course of the last decade, Ms. Doe, under the guise of a fictitious performing persona and extensive efforts to hide her real identity and other private details, has established herself as a successful sex industry professional, namely in the areas of erotic modeling, performance art, and exclusive VIP-only, private theme parties. However, operating in such an industry comes with real and serious risks to Ms. Doe's safety if her real identity is exposed —a fact not lost on Defendant Mark Young as he utilized the threat of disclosure to "right wing

---

[1] Ms. Doe, through her counsel, maintains and represents that all work performed by her in the professional sex industry is legal and not in violation of any U.S. federal or state law.

sites" to intimidate her out of pursuing legal recourse against him. See **Complaint**, ¶ 53, 73; see also **Exhibit 1** (attached).

Although Ms. Doe uses websites like OnlyFans with paywalls and other controls to limit her audience and protect herself from further privacy intrusions and would-be stalkers, her fears are not mere paranoia, and, instead, consistent with the experiences of other female models and performers on the Internet (erotic or not). From the fully-clothed Instagram influencer to Twitch streamers in bikinis to OnlyFans models, women have become the target of entire online communities "dedicated to doxing and harassing individuals." See **Exhibit 2,** Samantha Cole, "Reddit Banned a Huge Community for Stolen OnlyFans Content," VICE (Sept. 17, 2021), https://www.vice.com/en/article/m7a5zq/reddit-banned-a-huge-community-for-stolen-onlyfans-content. Once doxed, influencers and other models face real risks with their names being revealed, ranging from stalking to death. See, e.g., **Exhibit 3,** E.J. Dickson, "An Instagram Influencer Was Murdered. Now, Other Models Are Terrified," Rolling Stone (Sept. 23, 2021), https://www.rollingstone.com/culture/culture-features/mercedes-morr-jenae-gagnier-instagram-model-murdered-1220500/ ("One of her followers doxxed her and posted her address on Instagram […] These girls have these huge followings. They're really celebrities […] But they don't have the backing of a celebrity as far as security and all of that stuff […] Most people only learned her real name after one of her followers became so obsessed with her that he violently took her life"); see also **Exhibit 4,** Amnesty International, "What is online violence and abuse against women?," (Nov. 2017), https://www.amnesty.org/en/latest/campaigns/2017/11/what-is-online-violence-and-abuse-against-women//

Experts describe "doxxing" as "a complex, gendered communicative process by which one or several person(s) […] seek private or personal identifying information about another

individual […] and widely distribute it through undesired online mass media channels without the consent of that person, who would be made vulnerable by mass media disclosure. A dox[x] is typically accompanied by a subtle or overt call to action, typically to harm the target." See **Exhibit 5,** Eckert, S. and Metzger-Riftkin, J., "Doxxing," International Encyclopedia of Gender, Media, and Communication (2020). This cyber phenomenon "often occurs in conjunction with other forms of online harassment and entangles online and physical environments in complicated ways that differ on a case-by-case basis […] While both women and men experience [doxxing], women, especially women from vulnerable minorities ,are more likely to have their private information posted online and receive greater amounts of unwanted, vitriolic messages." *Id.* Women "are more likely to receive unwanted sexual items, such as semen and underwear sent through the mail, and online posts with the target's name and contact information soliciting men for sex as was seen int he cases of US feminist activists Anita Sarkeesian." *Id.*

Even in cases not involving any nude or intimate images, doxxing and the resulting real-world harassment remain very real risks to female personalities on the Internet. For example, Twitch Streamer xoAeriel, during a livestream, had her real name outed by another streamer. See **Exhibit 6,** Michael Gwilliam, "xoAeriel reveals she's received threats after being doxxed by major Twitch partner," DEXERTO (May 25, 2021), https://www.dexerto.com/entertainment/xoaeriel-reveals-shes-received-threats-after-being-doxxed-by-major-twitch-partner-1582084/. Her real name alone provided enough information for third-parties to track down her other private information, resulting in her receiving "threatening phone calls, people making accounts with her legal name and users posting her address in chat" within 24-hours of the disclosure. *Id.* This escalated to the point "there were people walking around [her] house late at night during a livestream. They kept calling [her]

friend's phone over and over saying how they watch [them] on Twitch, […] she was forced to end her stream early and let her guard dogs out." *Id.*

Unfortunately, law enforcement and others frequently adhere to a logic which discredits the experience of Plaintiffs like Ms. Doe "because of their digital profile. In the same way sexual assault victims are blamed for their clothing and told they were "asking for it", uploading bikini photos or having a large online presence [is] seen to make these women culpable for whatever harassment they received." See **Exhibit 7,** Ruchira Sharma, "Women Are Getting Blamed For Their Online Harassment," VICE (Nov. 3, 2022), located at https://www.vice.com/en/article/k7bk3m/women-are-getting-blamed-for-their-own-online-harassment. Emma Short, a London Metropolitan University academic who teaches a module on cyber psychology, says these experiences have "clearly become so ubiquitous that we've got a name for it now [digital short skirt phenomenon]". *Id*. Short, who is part of an academic network with the National Police Chief's Council examining stalking research, says: "When I have looked at interview data, collected over the years from people who've been stalked, the advice is often very inconsistent or unhelpful, like, 'well, just come offline or just don't post', which means the burden of the offence is placed on the victims of the offence." *Id.*

The federal courts, however, are one place where this logic falls short and around the country discretion has been undertaken to allow plaintiffs involved in activities like exotic dancing to proceed anonymously, as the work carries a "significant social stigma" and, as in the case of Ms. Doe's OnlyFans account, there are "risks inherent in working as an exotic dancer, including risk of injury" by "nightclub patrons if their names or addresses are publicly disclosed.: See, e.g., *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 995 (N.D. Cal. 2015) (exotic dancers granted anonymity based on concerns about retaliation harming future

career prospects). Although Ms. Doe may be visible at times in connection with her persona, she like exotic dancers in the cited case has taken steps to ensure her real name, identity, and personal address remain private in order to protect her against future retaliation and stigma (not to mention stalking and violence). She is also worthy and deserving of such protections from this Court that have been afforded to other sex industry professionals.

Finally, there is no less intrusive method available to prevent the injury that Ms. Doe is likely to suffer if this Court denies her Motion and allows her identity to be disclosed. The only feasible way to prevent her identity from circulating widely is to require the parties to refer Ms. Doe using pseudonyms, and to order all parties to the litigation to refrain from disclosing her actual name. Any other alternative will result in the disclosure of Ms. Doe's identity and will likely lead to the very harm that the relief requested in this Motion is designed to prevent. Again, Defendant Young specifically used outing Ms. Doe's identify to "right wing sites," and the inherent threat of harm to her becoming the target of these groups, as a means to coerce her out of exercising her legal rights and cause severe emotional distress. Should this Court require Ms. Doe to proceed using her name, Defendant Young's threatened harm will become a reality. See Complaint, ¶ 53 and 73.

In light of the circumstances outline above, the public's interest in learning Ms. Doe's real name and identity is minimal, at best. The public will have ample opportunity to learn about these Defendants' actions and failures to act whether or not Ms. Doe's real name and identity are made public. Moreover, Defendants will suffer no prejudice if the requested relief is granted, since Defendants will be afforded access to all information necessary to mount a defense on the merits.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion to Proceed Using Pseudonyms. Specifically, this Court should (a) allow Plaintiff to file her Complaint using a pseudonym, (b) require all parties to refer to Plaintiff using the pseudonym "Jane Doe" in all future pleadings in this case, (c) prohibit Defendants and their agents from disclosing, at any time, the identity of any Plaintiff to any third party other than may be necessary to defend against this action; and (d) prohibit such informed third parties from disclosing the identity of the Plaintiff for any purpose.

Respectfully submitted this 4th day of September 2023,

/s/Cassandra M. Kirsch
**Cassandra M. Kirsch, # 46502**
LAW OFFICE OF CASSANDRA M. KIRSCH, LLC
600 17th Street, Ste. 2800-S
Denver, CO 80202
Telephone: (303) 228-2165
E-mail: ckirsch@cmklawoffice.com
Attorney for Plaintiff Jane Doe

*Original Signature on File*