IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02255-SKC-MEH

JANE DOE,

      Plaintiff,

v.

MARK ANTHONY YOUNG,
CAROL AALIYAH MUHAMMAD, and
ELITE AB CLINIC, LTD,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, Chief United States Magistrate Judge, on August 22, 2024.**

      Before the Court is *pro se* Defendant Mark Young's Motion for Remote Appearance. ECF 33. In it, Defendant Young "request[s] that the Court grant [him] permission to appear remotely at the Status Conference scheduled for September 20, 2024." *Id*. at 1. However, a motion is not the proper way to seek this relief. Pursuant to the Court's Minute Order setting the Status Conference, "Litigants and counsel whose offices are located outside of the Denver metropolitan area or who cannot reasonably make a personal appearance may request to appear remotely at the Status Conferences. Please **contact** Chambers by phone ((303) 844-4507) or email (Hegarty_Chambers@cod.uscourts.gov) **at least two business days** prior to the Status Conference to request a remote appearance." ECF 27 at 1 (emphasis in original).

      Moreover, even if a motion was appropriate, Defendant Young's Motion does not articulate any efforts at conferring with opposing counsel prior to its filing. Except in certain circumstances, it is required in this District that, before filing a motion, the moving party contact opposing counsel and confer on the relief requested. Indeed, pursuant to the District of Colorado's Local Rules which are available on the Court's website,[1] "Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." D.C.COLO.LCivR 7.1(a).

      Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules and orders that govern other litigants. *See*

---

[1] http://www.cod.uscourts.gov/Home.aspx

*Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal citations omitted). Nonetheless, for good cause shown, the Court **grants** the Motion [ECF 33] and gives Defendant Young permission to attend the Status Conference by telephone using the instructions included in the Court's Minute Order at ECF 27. The Court reminds Defendant Young, though, to carefully review all Court orders and the District of Colorado's Local Rules when interacting with this case in the future, or the Court may not grant his requested relief.