IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:23-cv-02255-SKC

JANE DOE, a United States resident and citizen,

                              *Plaintiff,*

v.

MARK ANTHONY YOUNG, a United Kingdom citizen,
CAROL AALIYAH MUHAMMAD, a United Kingdom citizen, and
Elite AB Clinic, a United Kingdom corporation,

                              *Defendants.*

## PLAINTIFF'S MOTION TO RESTRICT ACCESS

Pursuant to D.C.COLO.LCivR 7.2(c) and consistent with the Court's order in open court on September 20, 2024, to file a motion to restrict at Level 3, Plaintiff Jane Doe (hereinafter "Plaintiff" or "Ms. Doe") respectfully moves this Court to restrict Exhibit 29 filed with Plaintiff's Motion for Default Judgment (the "Exhibit," ECF No. 50-29) and attached hereto, to Level 3 access because the Exhibit contains images with sensitive, adult imagery of Ms. Doe, which may be used to further identify and harm her, and other third-parties. In support of this Motion, Plaintiff states as follows:

### D.C.COLO.LCivR 7.1 CONFERRAL STATEMENT

This Motion is filed pursuant to Court order. Defendant Mark Young does not oppose the Motion —no other Defendants have filed an entry of appearance in this action.

1

# LEGAL ARGUMENT

1. Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to restrict access. It provides in relevant part that:

   > **B. Motions to Restrict Access.** Any motion to restrict public access will be open to public inspection and must:
   >
   > 1. Identify the document or the proceeding for which restriction is sought;
   >
   > 2. Address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access);
   >
   > 3. Identify a clearly defined and serious injury that would result if access is not restricted;
   >
   > 4. Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
   >
   > 5. Identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court)."

2. Level 3 restricts access of the records in question to the respective court. 7.2(B)(5), D.C.COLO.LCivR.

3. Although the images contained in Exhibit 29 to the Motion for Default Judgment were previously redacted, the Court requires access to determine whether Ms. Doe is in the images and the context of the images themeslves in determining damages or whether the elements of her claims are satisfied —accordingly, redaction is not an option at this juncture.

4. Although the public has a fundamental interest in open court records, the right to inspect and copy judicial records is not absolute. To the contrary:

   > "All courts have supervisory powers over their own records and files. Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests. * * * [B]ecause the analysis

> of the question of limiting access is necessarily fact-bound, there can be no comprehensive formula for decision-making. The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."

See *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Privacy and preservation of trade secrets, or proprietary information, are among the interests which have been found, under certain circumstances, to overcome the presumption of openness. *Huddleson v. City of Pueblo, Colorado,* 270 F.R.D. 635, 637 (D. Colo. 2010).

5. The Supreme Court in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), discussed several exceptions to the general rule of open access:

> "**Access has been denied where court files might have become a vehicle for improper purposes**. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are **not used to gratify private spite or promote public scandal** through the publication of the painful and sometimes disgusting details of a divorce case. Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing."

(**emphasis** added).

6. Over the course of the last decade, Ms. Doe, under the guise of a fictitious performing persona and using extensive efforts to hide her real identity and other private details, has established herself as a successful adult entertainment industry professional. However, operating in such an industry comes with real and serious risks to Ms. Doe's safety.

7. As has been disclosed and discussed at length in this litigation, from the fully-clothed Instagram influencer to Twitch streamers in bikinis to OnlyFans models, women have

3

become the target of entire online communities dedicated to doxxing and harassing individuals. (ECF No. 3-7).

8. Although Ms. Doe uses websites like OnlyFans with paywalls and other controls to limit her audience and protect herself from further privacy intrusions and would-be stalkers, her fears are not mere paranoia, and, instead, consistent with the experiences of other female models and performers on the Internet (erotic or not). *Id.*

9. Federal courts have increasingly recognized a "significant social stigma" with adult entertainment work and, as in the case of Ms. Doe's OnlyFans account and other online accounts, the "risks inherent in working as an exotic dancer, including risk of injury" by "nightclub patrons if their names or addresses are publicly disclosed." See, e.g., *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 995 (N.D. Cal. 2015) (exotic dancers granted anonymity based on concerns about retaliation harming future career prospects) ("The plaintiffs express a legitimate concern for their privacy and […]an understandable fear of social stigmatization").

10. "[S]ocial stigmatization" [is] among the "most compelling" reasons for permitting anonymity." *Id.* at 994.

11. Ms. Doe may be visible at times in connection with her fictitious persona, but she, like the exotic dancers in *SFBSC*, has taken steps to ensure her real name, identity, and personal address remain private in order to protect her against future retaliation and stigma (not to mention stalking and violence)—Ms. Doe's privacy interests and safety risks should not be an exception to the rule.

12. Moreover, several of the images in Exhibit 29 also contain adult depictions of other third-parties not subject to this action, each of whom retain their own privacy and safety interests in said images.

13. As here, when analyzing whether the public interest outweighs justifications to seal a document, "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

14. Public access to the images in question would not only put a target on the back of Ms. Doe, but also innocent third-parties. Again, Defendant Young specifically used outing Ms. Doe's identify to "right wing sites," and the inherent threat of harm to her becoming the target of these groups, as a means to coerce her out of exercising her legal rights and cause severe emotional distress. Should this Court require public access to the images contained in Exhibit 29 to the Motion for Default Judgment, Defendant Young's threatened harm against her, and now other innocent third-parties, runs a real risk of becoming reality. (ECF. No. 1, ¶ 53 and 73).

## CONCLUSION

WHEREFORE, Ms. Doe requests that this Court **GRANT** the underlying motion and restrict access to Exhibit 28 of the Motion for Default Judgment to Level 3.

Respectfully submitted this 27th day of October 2024,

/s/Cassandra M. Kirsch
**Cassandra M. Kirsch, # 46502**
LAW OFFICE OF CASSANDRA M. KIRSCH, LLC
600 17th Street, Ste. 2800-S

Denver, CO 80202
Telephone: (303) 228-2165
E-mail: ckirsch@cmklawoffice.com
Attorney for Plaintiff Jane Doe

*Original Signature on File*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing, and have served the foregoing on Defendant Mark Anthony Young via email at markyoung@eliteabclinic.com.

/s/Cassandra M. Kirsch
*Cassandra M. Kirsch, # 46502*
LAW OFFICE OF CASSANDRA M. KIRSCH, LLC
600 17th Street, Ste. 2800-S
Denver, CO 80202
Telephone: (303) 228-2165
E-mail: ckirsch@cmklawoffice.com

Attorney for Plaintiff Jane Doe

*Original Signature on File*