FILED
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*8:25 am, Oct 28, 2024*
**JEFFREY P. COLWELL, CLERK**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

**Jane Doe, Plaintiff,**

**v.**

**Elite AB Clinic, Ltd., Carol Aaliyah Muhammad, Mark Anthony Young, Defendants.**

**Case No. 1:23-cv-02255**

**DEFENDANT MARK ANTHONY YOUNG'S MOTION TO OPPOSE PLAINTIFF'S MOTION TO RESTRICT ACCESS TO EXHIBIT 29**

**COME NOW** the Defendant, Mark Anthony Young, and hereby moves this Court to deny Plaintiff Jane Doe's Motion to Restrict Access to Exhibit 29 (ECF No. 50-29) in accordance with the standards set forth in D.C.COLO.LCivR 7.2.

In support of this Motion, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff's Motion to Restrict seeks to limit public access to images in ECF 50 Exhibit 29, alleging that they contain sensitive adult content and asserting concerns over privacy, safety, and potential social stigmatization. However, these images are already publicly accessible and widely shared across social platforms, including Twitter and Instagram Facebook.

This public accessibility undercuts Plaintiff's argument for restriction, indicating that a Level 3 restriction is excessive and unwarranted.

Furthermore, these images lack any private or personal identifying information specific to Plaintiff that would merit such confidentiality.

**II. LEGAL STANDARD**

Under D.C.COLO.LCivR 7.2, any restriction on public access must be narrowly tailored, supported by a compelling interest, and justified by a serious, identifiable injury that would result if access is not restricted. A request for restricted access must:

1. Identify the document or proceeding for which restriction is sought;

2. Address the interest to be protected and why it outweighs the presumption of public access;
3. Identify a serious injury that would result from unrestricted access;
4. Explain why no alternative to restricted access is feasible; and
5. Specify the level of restriction sought.

## III. ARGUMENT

- **A. The Images are Publicly Available and Widely Shared**
- Plaintiff's claim that these images warrant restriction due to privacy and potential safety concerns is unsubstantiated. The images in question are already publicly accessible on platforms such as Twitter and Instagram,Faebook where Defendant merely retweeted or shared these posts without any alteration or misrepresentation.
- Given their widespread availability, Plaintiff's arguments for restriction lack foundation.
- Evidence provided in ECF 50-29 demonstrates the public nature and longstanding presence of these images.
- Specifically:
- One image was a retweet of a retweet, showing Defendant merely shared a publicly available post that had already been reposted by others (See ECF 50-29, pg. 12).
- Another image was a simple retweet without any modification (See ECF 50-29, pg. 5).
- Additional links within these posts directed users to Plaintiff's public Instagram account, illustrating that Defendant did not misrepresent or claim these images as his own. (See ECF 50-29 pg.6,10,11)
- Two of the images in Exhibit 29 have been publicly accessible online since 2014 and have been shared over 30 times on various platforms, further emphasizing their public nature and undercutting any claims of privacy or confidentiality (See ECF 50-29, pg 3,4 ).
- 

Plaintiff's own tweets from April 27 and 28, 2023,   further confirm that Defendant's actions were limited to retweeting or sharing posts that were already publicly accessible (Exhibit A1). These acknowledgments directly counter Plaintiff's claims of image theft or misuse and underscore the fact that the images in (Exhibit ECF 50 29) lack any basis for Level 3 restriction.

**B. Plaintiff's Assertions Regarding "Outing" and Safety Risks Are Unsupported**

Plaintiff's allegation that Defendant threatened to expose her identity lacks a factual foundation and misrepresents the nature of Defendant's original communication. In her current Motion to Restrict, Plaintiff asserts that Defendant specifically threatened to "out" her identity to right-wing sites, allegedly creating a heightened safety risk. However, this characterization is inconsistent with the language used in Plaintiff's original complaint and the context of Defendant's communication.

1. **Discrepancy in Language and Intent**: In her Motion to Restrict, Plaintiff claims that Defendant threatened to "out" her identity, suggesting an intentional and direct exposure of her private identity with potentially malicious intent. However, Plaintiff's original complaint, filed in this matter, only references Defendant's statement that he would share her "content" with right-wing sites and law enforcement, not her personal identity. Specifically, the original complaint alleges that Defendant said, "I will share your content with all Right-wing sites and also law enforcement in the USA." This statement focuses solely on publicly accessible material and makes no mention of any private identifying information or any attempt to reveal Plaintiff's legal identity or other personal information.

2. **Impact of the Misrepresentation**: This shift from "content" in the original complaint to "identity" in the current motion is significant. By now asserting that Defendant threatened to reveal her identity, Plaintiff is attempting to elevate a public sharing of content into a more severe privacy and safety threat, implying an intent to doxx or endanger her.

3. This change in wording misrepresents the original claim and alters the perceived severity of Defendant's actions. There is no evidence to suggest that Defendant intended or attempted to disclose Plaintiff's private or legal identity, nor is there evidence of any direct threat to Plaintiff's personal safety.

4. **Public Nature of the Content in Question**: The "content" referenced by Defendant in his communication is already publicly accessible on social media platforms, including Twitter and Instagram,Facebook

5. Defendant's action of sharing or retweeting publicly available material does not constitute a violation of privacy, nor does it involve any disclosure of private information. The images referenced in ECF 50 Exhibit 29, therefore, lack any private identifying information that would justify restriction based on a privacy or safety claim.

This discrepancy between Plaintiff's language in the original complaint and the Motion to Restrict is a misrepresentation that exaggerates the nature of Defendant's communication.

By altering the wording, Plaintiff improperly suggests that Defendant posed a threat to her personal identity and safety, when in fact, the original statements in the complaint reveal no such intent.

Defendant's actions were limited to sharing content already available to the public, without any mention of or intent to disclose Plaintiff's private identity. Accordingly, the asserted grounds for Level 3 restriction are unfounded and should be rejected.

### C. Plaintiff's Request for Level 3 Restriction Lacks Justification

- **Privacy Concerns and Alleged Threat of Harm**: Plaintiff has provided no substantial evidence of a direct threat to her identity or safety. The images in Exhibit 29 contain no confidential or personal information not otherwise accessible publicly, thereby not meeting the threshold for a Level 3 restriction under D.C.COLO.LCivR 7.2.
- **Lack of Irreparable Injury**: Plaintiff has not demonstrated any specific, immediate harm from unrestricted access to ECF 50 Exhibit 29
- Established legal precedent supports the presumption of public access unless a compelling reason with documented injury is shown. Courts have consistently held that speculative concerns do not outweigh the right to access public court records.

### D. Plaintiff's Presumption of Non-Opposition and Lack of Proper Notice

Plaintiff's assertion that I did not oppose the motion to restrict, based on the September 20th hearing, is inaccurate and misleading. At the time, I had not seen the motion's wording or been fully informed of its contents, as Plaintiff only filed the motion on October 27, 2024.

Moreover, D.C.COLO.LCivR 7.1(a) requires parties to make a good faith effort to confer before filing a motion. Here, Plaintiff made no attempt to confer with me before submitting the motion and simply presumed I would not oppose it. This lack of adherence to procedural requirements has deprived me of a fair opportunity to voice my concerns before the Court and presents an inaccurate representation of my stance on the matter.

## IV. CONCLUSION

Given the public nature of these images and Plaintiff's own admission of their accessibility, Plaintiff's motion for Level 3 restriction is unwarranted. Public access to ECF 50 Exhibit 29 does not present a serious or identifiable harm nor does it involve confidential information not otherwise publicly accessible. As such, Defendant respectfully requests that this Court deny Plaintiff's Motion to Restrict Access to ECF 50 Exhibit 29.

## D.C.COLO.LCivR 7.1(a) CONFERRAL STATEMENT

Plaintiff's counsel opposes the relief requested in this motion, as confirmed in her email dated October 2, 2024, where she indicated opposition to all of Defendant's motions.

**Respectfully submitted**

**Mark Anthony Young.**

Defendant, Pro Se

**Suite 51 2 Mount Sion**

**Tunbridge Wells**

**KENT**

**TN1 1UE**

**United Kingdom**

**markyoung@eliteabclinic.com**

**Date: October 28th, 2024**

**Signature:** _____ **Mark Anthony Young**

**Suite 51 2 Mount Sion**

CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, a true and correct copy of the foregoing Motion to Oppose the Restrict access to Exhibit 29 (ECF No. 50-29).

Was Emailed too.

tockirsch@cmklawoffice.com

cassandrakirsch@gmail.com

**Date: October 28, 2024**

**Signature: _____ Mark Anthony Young**

**Suite 51 2 Mount Sion**

**Tunbridge Wells**

**KENT TN1 1UE**

**United Kingdom markyoung@eliteabclinic.com**

**TN1 1UE**

**United Kingdom**

**markyoung@eliteabclinic.com**

Defendant, Pro Se