IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02255-SKC-MEH

JANE DOE,

    Plaintiff,

v.

MARK ANTHONY YOUNG,
CAROL AALIYAH MUHAMMAD, and
ELITE AB CLINIC, LTD,

    Defendants.

___

## MINUTE ORDER
___

**Entered by Michael E. Hegarty, Chief U.S. Magistrate Judge, on October 29, 2024.**

    Before the Court are three filings: "Plaintiff's Motion to Restrict Access" [ECF 69], Plaintiff's "Notice of Errata Defendant Mark Young Position in Opposition to Motion to Restrict" [ECF 71], and "Defendant Mark Anthony Young's Motion to Oppose Plaintiff's Motion to Restrict Access to Exhibit 29" [ECF 73]. The Court **denies without prejudice** Plaintiff's Motion to Restrict Access as follows. ECF 69.

    As a preliminary matter, the Parties are reminded to review and abide by the District of Colorado's Local Rules of Practice and Magistrate Judge's Uniform Civil Practice Standards, both available on the Court's website. Neither Plaintiff's Motion [ECF 69] nor Defendant Young's Motion [ECF 73] abide by them. Defendant Young, however, corrected his mistake with his "Notice of Errata." ECF 74.

    As to Plaintiff's Motion, it asks the Court "to restrict Exhibit 29 filed with Plaintiff's Motion for Default Judgment [ECF 50] . . . and attached hereto, to Level 3 access." ECF 69 at 1. This Motion arises out of the discussion held at the September 20, 2024 Status Conference before Chief Magistrate Judge Hegarty, during which he "direct[ed] Plaintiff to file unredacted versions of any redacted exhibits attached to Plaintiff's [ECF 50] *Second Motion for Default Judgment* as *Restricted Level 3* filings, viewable by the Court only, accompanied by a *Motion to Restrict*." ECF 61 at 1.

    Plaintiff has now filed her Motion to Restrict Access, reattaching the redacted versions of ECF 50-29 to the Motion. ECF 69. However, Plaintiff has not filed the "unredacted versions of any redacted exhibits attached to Plaintiff's [ECF 50] *Second Motion for Default Judgment*." *See*

Docket; ECF 61 at 1. The District's Local Rules of Practice clearly lay out the procedure for filing documents under restriction, which is what the Court ordered Plaintiff to do:

> A document subject to a motion to restrict **shall be filed as a restricted document** and shall be subject to restriction until the motion is determined by the court. If a document is filed as a restricted document without an accompanying motion to restrict, it shall retain the restriction selected by the filer for 14 days. If no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection.

D.C.COLO.LCivR 7.2(e) (emphasis added).

Thus, the Court **denies without prejudice** the Motion as there is no unredacted version of any exhibit that needs restriction filed on the Docket at this time.

Therefore, the Court **orders** Plaintiff to file unredacted versions of any redacted exhibits attached to Plaintiff's Second Motion for Default Judgment [ECF 50] on the Docket *under Restricted Level 3* on or before **November 1, 2024**. Plaintiff shall indicate that such exhibits are a supplement to her Second Motion for Default Judgment. Plaintiff shall also file a *separate* Motion to Restrict Access on the Docket on or before **November 1, 2024**. Further, while the Court acknowledges that Defendant Young now purports to oppose such a Motion, he did not do so during the September 20, 2024 Status Conference when the Court made its ruling. Thus, Defendant Young has waived his ability to oppose the Motion.

**In addition to notice of filing of this Minute Order being provided to the Parties, it is ORDERED that the office of the Clerk shall mail a copy of this Minute Order to the following**:

> Mark Anthony Young
> Suite 51
> 2 Mount Sion
> Tunbridge Wells
> KENT TN1 1UE
> United Kingdom
> +44 774-967-2594

As a general reminder, Defendant shall maintain an up-to-date mailing address with the Clerk of Court by filing a Notice every time their address changes.