IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02255-SKC-MEH

JANE DOE,

    Plaintiff,

v.

MARK ANTHONY YOUNG,
CAROL AALIYAH MUHAMMAD, and
ELITE AB CLINIC, LTD,

    Defendants.

## ORDER

**Michael E. Hegarty, Chief United States Magistrate Judge.**

Before me are no less than eight (8) filings in this case. ECFs 79–80, 83–87, 90. The first two are filings by Plaintiff: her unredacted exhibits filed under Restriction Level Three [ECF 79], and her Second Motion to Restrict Access to the same [ECF 80]. The remaining six were all filed by Defendant Young: his Response to Plaintiff's Second Motion to Restrict Access [ECF 83]; his Response to the Court's Prior Order Regarding Waiver of Objection Rights [ECF 84]; two duplicative Motions for Reasonable Accommodations under the America with Disabilities Act ("ADA") [ECFs 85–86]; his Motion for Reconsideration of Waiver of Objection Rights [ECF 87]; and his Notice of Clarification Regarding Duplicative Filings [ECF 90]. I will address each of these filings below.

    **I.**    **District of Colorado's Local Rules of Practice: Motions Practice**

Once again, Defendant Young is reminded to review and abide by the District of Colorado's Local Rules of Practice and Magistrate Judge's Uniform Civil Practice Standards, both

available on the Court's website. Specifically, Defendant Young is reminded that "[m]otions responses, and replies shall be concise. A verbose, redundant, ungrammatical, or unintelligible motion, response, or reply may be stricken or returned for revision, and its filing may be grounds for sanctions." D.C.COLO.LCivR 7.1(i). Defendant Young has, once again, filed duplicative documents on the Docket. *Compare* ECF 85, *with* ECF 86; *compare* ECF 84, *with* ECF 87. Defendant Young recognizes this error in his Notice of Clarification, explaining that, after a delay in the docketing process, he "resubmitted similar documents with slight changes to fix errors [ECF 86, 87][.] As a result, some duplicate filings may now appear on the docket." ECF 90 at 1. However, I previously admonished Plaintiff for doing exactly this once before. ECF 57. In the interest of judicial efficiency and the conservation of resources, if Defendant Young continues this pattern, I may outright strike future duplicative filings.

Moreover, "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). That means that any request for relief from the Court cannot be included in a "response;" it must be contained in its own motion. Thus, I will not consider any relief requested in either of Defendant Young's "Responses." ECFs 83–84.

**II.   Plaintiff's Second Motion to Restrict Access**

At a Status Conference I held on September 20, 2024, the Parties discussed the redacted exhibits attached to Plaintiff's pending Second Motion for Default Judgment [ECF 50]. ECF 61. During that conversation, I observed that some of the exhibits were heavily redacted to conceal Plaintiff's identity. *Id*. However, the Second Motion for Default Judgment relies largely on the images, including the content concealed beneath the redactions. *See generally* ECF 50. Thus, with no objection from Defendant Young, I "direct[ed] Plaintiff to file unredacted versions" of those

2

exhibits "as *Restricted Level 3* filings, viewable by the Court only, accompanied by a *Motion to Restrict*." *Id*. at 1. In accordance with my order, Plaintiff filed the unredacted versions of those exhibits under Restriction Level Three on the Docket. ECF 79. She also filed the instant Motion to Restrict Access, asking the Court to maintain those exhibits under restriction in accordance with D.C.COLO.LCivR 7.2.

Defendant Young now opposes maintaining the redacted exhibits under restriction and filed three different documents to that general effect. ECFs 83–84, 87. Only one of those filings is labeled a Motion, and "moves this Court to reconsider the waiver of his objection rights" at the aforementioned Status Conference. ECF 87. In light of Defendant Young's representations that he "was not fully aware of procedural requirements" I **grant** the Motion and sets aside any waiver of his objection rights at the Conference. *Id*. Thus, I will consider Plaintiff's Second Motion to Restrict on its merits and will consider the substance of Defendant Young's arguments against the Motion.

Motions to restrict the public's access to certain filings in a case are governed by the District's Local Rules:

> A motion to restrict public access shall be open to public inspection and shall:
>
> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the level of restriction sought.

3

D.C.COLO.LCivR 7.2(c). While it is true that the public has an important interest in open court records, there is no absolute right to such "if the public's right of access is outweighed by competing interests." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Those competing interests include preventing court files from being used for improper purposes. *Id*. (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Here, I find that Plaintiff's stated interests in safety, privacy, and prevention of embarrassment outweigh the public's general interest in open court records. While I understand Defendant Young's concerns regarding Plaintiff's Motion going beyond the scope of the Status Conference, that does not make the information Plaintiff seeks to protect any less sensitive and potentially damaging if it were to be accessible to the public. I do not see how the public would be particularly injured by not being able to access the images and information contained in the unredacted exhibits; rather, the potential harm to Plaintiff in revealing her name, address, personal information, and images, is much more tangible.

Further, District Judge S. Kato Crews, the presiding judge in this case, allowed Plaintiff to proceed under the pseudonym "Jane Doe" to protect her identity in this ligation. ECF 7. Judge Crews explained that "given the inability to unring the bell if her name were to become public," that Plaintiff would be allowed to proceed anonymously.[1] *Id*. If the unredacted exhibits were to be publicly available, the information (including names, addresses, and other personal information) and photographs contained in them would reveal Plaintiff's identity to the public. This would essentially nullify Judge Crews's prior order, as Plaintiff would not longer be anonymous to the

---

[1] Judge Crews also explained that the Court "will entertain a motion by defendant(s) or others, and/or may *sua sponte* order briefing, to reconsider this Order and Plaintiff's anonymous status." ECF 7.

4

public. As the referral Magistrate Judge is this case, I cannot overrule or undermine the District Judge's order. Accordingly, and also being mindful of Fed. R. Civ. P. 26(c)(1)'s admonition to protect parties from "embarrassment" (among other burdens), I **grant** Plaintiff's Second Motion to Restrict Access. ECF 80.

### III.    Defendant Young's Motions for Reasonable Accommodations under the ADA

Defendant Young filed two duplicative Motions "requesting reasonable accommodations in court proceedings" in accordance with the ADA. ECF 86 at 1; ECF 85. Accordingly, I **find moot** the earlier-filed Motion [ECF 85]. As follows, I **grant in part and deny in part** the remaining Motion [ECF 86].

Defendant Young requests several accommodations under the ADA in light of his mental health concerns and diagnosed cognitive impairments. ECF 86 at 2. As a preliminary matter, I note that, based on my review of the caselaw, the ADA does not apply to non-citizens who are not employed in the United States of America. *See Torrico v. Int'l Bus. Machines Corp.*, 213 F. Supp. 2d 390, 399 (S.D.N.Y. 2002). Defendant Young provided no legal support to the contrary, and there is nothing in the record indicating that Defendant Young is an American citizen, nor that he is employed in the United States. Nonetheless, in the interest of justice, I still consider Defendant Young's requests for accommodations in this litigation.

First, Defendant Young asks for all court filings to "be sent directly to [him] via both mail and email." ECF 86 at 2. I **deny** that request. *Id*. Plaintiff is already required to serve all of her filings directly on Defendant Young (and has been doing so via email according to the Certificates of Service accompanying her filings). Moreover, the Court already mails every single filing to Defendant. Neither opposing counsel nor the Court can be expected to go beyond these measures; Defendant Young may access the Docket through PACER as he pleases.

5

Second, Defendant Young asks for extended deadlines. *Id*. I **deny without prejudice** that request. *Id*. I have been extremely flexible in extending Defendant Young's deadlines whenever he has requested me to do so, but I will not do so in a blanket order; rather, I will set Defendant Young's future deadlines as necessary considering all circumstances, including his pro se status, cognitive impairments, and limited access to the Docket.

Third, Defendant Young asks for "simplified communications." *Id*. I **deny** this request as it is ambiguous and nonspecific. *Id*. I strive to explain all my orders and the rules of law in the simplest terms possible. However, I cannot "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I will continue to do my best to assist Defendant Young in understanding this litigation, but without more information, I cannot determine what additional relief he desires.

Fourth, Defendant Young desires "authorization to have a designated mental health advocate to accompany [him] during court hearings." ECF 86 at 2. I **grant** this request. *Id*. All court hearings are open to the public; Defendant Young may ask a mental health advocate, or anyone else, to accompany him in his telephonic court appearances if he so desires.

Finally, Defendant Young asks generally for "leniency" in recognition of his pro se limitations. *Id*. I **grant** this request to the extent it comports with the rule that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). However, as noted above, I cannot advocate on behalf of Defendant Young. *Id*. That is why I entered an Order Appointing Pro Bono Counsel for Defendant Young's benefit. ECF 62. The Court is still searching for pro bono counsel willing to take on this case.

6

IV.   **Conclusion**

In light of the foregoing, I **grant** Defendant Young's Motion for Reconsideration. ECF 87. Nevertheless, I **grant** Plaintiff's Second Motion to Restrict Access. ECF 80. Thus, pursuant to D.C.COLO.LCivR 7.2, the Clerk of Court is directed to maintain ECF 79 and its accompanying exhibits under Restriction Level Three until further order of the Court.

FURTHER, I **find moot** Defendant Young's earlier-filed Motion for Reasonable Accommodations under the ADA. ECF 85.

FURTHER, I **grant in part and deny in part** Defendant Young's later-filed Motion for Reasonable Accommodations under the ADA, as described above. ECF 86.

FURTHER, I will hold a Status Conference on **November 25, 2024** at **11:30 a.m. MST** in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. At the Conference, I will address the status of the case overall, including how best to proceed in light of Plaintiff's pending Second Motion for Default Judgment [ECF 50] and the current lack of pro bono counsel for Defendant Young.

<u>Upon receipt, Plaintiff shall email a copy of this Order to Defendant Young to notify him of the date and time of the Status Conference.</u>

If this date is not convenient, the Parties shall confer and contact my Chambers by **email** (Hegarty_Chambers@cod.uscourts.gov) to obtain an alternate date. All Parties must be copied on the email if they agree to change the Conference date; otherwise, any Party seeking to change the Conference date must file a motion. If not all Parties have entered an appearance, any request to reset the Status Conference must be made by filing the appropriate motion. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days prior** to the date of the Conference.

7

Litigants and counsel whose offices are located outside of the Denver metropolitan area or who cannot reasonably make a personal appearance may request to appear remotely at the Status Conferences. Please **contact** Chambers by phone ((303) 844-4507) or email (Hegarty_Chambers@cod.uscourts.gov) **at least two business days** prior to the Status Conference to request a remote appearance. Defendant Young has the Court's permission to appear by phone at the Status Conference using the below call-in instructions:

Phone number: 888-278-0296

Access code: 8212991#

DATED at Denver, Colorado, this 8th day of November, 2024.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
Chief United States Magistrate Judge