FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1:07 pm, Dec 10, 2024
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

**Jane Doe, Plaintiff**

**v.**

**Mark Anthony Young, Carol Aaliyah Muhammad, and Elite AB Clinic, Ltd., Defendants**

**Civil Action No. 1:23-cv-02255-SKC**

## DEFENDANT MARK ANTHONY YOUNG'S MOTION TO HOLD DEFAULT JUDGMENT PROCEEDINGS IN ABEYANCE PENDING RESOLUTION OF PRIMARY CLAIMS

## Introduction

Defendant Mark Anthony Young, appearing pro se, respectfully moves this Court to hold in abeyance all proceedings related to Plaintiff's Motion for Default Judgment against Defendants Elite AB Clinic, Ltd. and Carol Aaliyah Muhammad. Plaintiff has engaged in tactics that directly prejudice Defendant Young's ability to defend himself, including speculative claims, procedural misconduct, and an over-reliance on default judgment as a means of circumventing litigation on the merits.

Plaintiff's allegations hinge on the theory of a "single business enterprise," which improperly conflates Defendant Young's ownership and control of Elite AB Clinic with other Defendants, despite no evidence substantiating their involvement. By tying the alleged misconduct of the business solely owned by Defendant Young to a default judgment, Plaintiff seeks to undermine his defense and prejudicially influence a jury.

Additionally, Plaintiff's procedural misconduct—such as improperly escalating redactions, relying on speculative evidence, and attempting to use untested allegations through default—denies Defendant Young the opportunity to challenge the validity of the claims or refute evidence presented against him. Allowing default judgment to proceed before

Defendant Young has fully defended himself risks inconsistent rulings, prejudices his ability to dispute evidence, and undermines the fairness of these proceedings.

## Factual Background: Plaintiff's Procedural Tactics

Plaintiff's litigation strategy demonstrates an attempt to unfairly prejudice Defendant Young's defense by relying on procedural shortcuts and speculative allegations rather than addressing the substantive merits of her claims.

1. **Use of the "Single Business Enterprise" Theory**

2. Plaintiff has improperly relied on the vague and unsubstantiated claim of a "single business enterprise" to conflate the liability of unrelated parties, including Carol Aaliyah Muhammad. Defendant Young is the sole owner and operator of Elite AB Clinic, Ltd., as confirmed by public filings. Despite this, Plaintiff has tied Defendant Young directly to Ms. Muhammad in an attempt to create the impression of collective wrongdoing, without presenting any factual basis for this assertion.

3. **Attempts to Prejudice Defendant Young Through Default Judgments**

Plaintiff's pursuit of default judgments against other Defendants is part of a broader strategy to indirectly assign liability to Defendant Young. By tying default judgments to the "single business enterprise" theory, Plaintiff seeks to create a false inference that Defendant Young, as the sole owner of Elite AB Clinic, is culpable. This tactic risks prejudicing Defendant Young's defense before the merits of his case are adjudicated.

## Argument: Plaintiff's Strategy Is Prejudicial and Undermines Fair Litigation

### I. Plaintiff's Procedural Tactics Undermine Due Process

Plaintiff's strategy of leveraging default judgments against other Defendants to implicate Defendant Young is fundamentally unfair and violates the principle that disputes should be resolved on their merits. Courts have consistently disfavored default judgments in cases where defendants are actively defending themselves (*Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Allowing default judgments to proceed risks creating

prejudicial inferences against Defendant Young that will unfairly influence a jury and undermine the integrity of these proceedings.

### *Carol Aaliyah Muhammad Is Not Connected to Elite AB Clinic*

In filing my Motion to Consolidate or Enjoin Claims (ECF No. 110), I intentionally excluded Defendant Carol Aaliyah Muhammad because she has no ownership interest, managerial role, or substantive connection to Elite AB Clinic, Ltd. Public records filed with Companies House in the United Kingdom confirm that I am the sole shareholder and Person with Significant Control (PSC) of Elite AB Clinic. Despite these facts, Plaintiff's claims attempt to improperly tie Ms. Muhammad to the business through vague and unsupported allegations. This mischaracterization is further evidence of Plaintiff's speculative and unsubstantiated "single business enterprise" theory.

## Argument

### *I. Plaintiff's Tactics Deny Defendant Young Due Process*

**Circumvention of Procedural Fairness**

Plaintiff's tactics—relying on improperly restricted evidence, speculative allegations, and procedural shortcuts—violate Defendant Young's due process rights. The Supreme Court has long held that due process requires parties to be afforded "the opportunity to be heard at a meaningful time and in a meaningful manner" (*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Plaintiff's efforts to circumvent this principle by shielding evidence from scrutiny and tying Defendant Young to defaults of other Defendants directly prejudice his defense.

**Improper Use of Default Judgment**

Default judgments are an extraordinary remedy, disfavored when a defendant is actively defending themselves (*Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Defendant Young's active participation in this litigation underscores the impropriety of proceeding with default judgments against other Defendants. Allowing such

judgments would unfairly suggest guilt and prejudice a jury's perception of Defendant Young's liability.

Default judgments premised on untested and speculative theories not only create an unjust presumption of liability but also irreparably harm Defendant Young's ability to contest evidence and present a full defense.

## II. Allegations of a Single Business Enterprise Are Unsubstantiated and Prejudicial

1. **Lack of Evidence Supporting Joint Liability**

Plaintiff's theory of a single business enterprise relies on speculation and lacks evidentiary support. By seeking default judgment against other Defendants based on this theory, Plaintiff creates an unjust inference of liability against Defendant Young, even though public records confirm that Elite AB Clinic is solely owned and controlled by him.

2. **Prejudicial Impact on Defendant Young**

Allowing default judgment against other Defendants based on an untested theory prejudices Defendant Young by suggesting that his business is inherently guilty. This is particularly problematic when Defendant Young has had no opportunity to challenge or refute the evidence Plaintiff intends to rely upon.

## III. Allowing Default Judgment Undermines Judicial Efficiency and Consistency

1. **Risk of Inconsistent Rulings**

Granting default judgment against other Defendants while Defendant Young actively defends the case risks creating inconsistent rulings, particularly when Plaintiff's claims are based on joint liability. The Supreme Court in *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), cautioned against default judgments in multi-defendant cases to avoid conflicting outcomes.

2. **Judicial Preference for Resolution on the Merits**

Courts strongly favor resolving disputes based on their merits rather than through default judgments, particularly when defendants are actively participating in the litigation (*Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Allowing default judgment to proceed against other Defendants undermines this principle and prejudices Defendant Young's ability to defend himself.

## Relief Requested

For the foregoing reasons, Defendant Young respectfully requests that this Court:

1. Hold in abeyance all proceedings related to Plaintiff's Motion for Default Judgment until Defendant Young has fully defended himself and the primary claims against him are adjudicated on their merits;

Respectfully submitted,

/s/ Mark Anthony Young

Pro Se Defendant

Suite 51, 2 Mount Sion

Tunbridge Wells, Kent

TN1 1UE

United Kingdom

markyoung@eliteabclinic.com

Dated: 10th December 2024

## Certificate of Compliance with D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.COLO.LCivR 7.1(a), I conferred with Plaintiff's counsel, Cassandra M. Kirsch, Esq., via email, Plaintiff's counsel indicated that she opposes this motion.

## Certificate of Service

I certify that on 10th December 2024, a true and correct copy of this Motion was served on Plaintiff's counsel via email:

Cassandra M. Kirsch, Esq.

ckirsch@cmklawoffice.com

Respectfully submitted,

/s/ Mark Anthony Young

Pro Se Defendant