IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02255-SKC-MEH

JANE DOE,

    Plaintiff,

v.

MARK ANTHONY YOUNG,
CAROL AALIYAH MUHAMMAD, and
ELITE AB CLINIC, LTD,

    Defendants.

## ORDER

**Michael E. Hegarty, Chief United States Magistrate Judge.**

This matter is before me on pro se Defendant Carol Aaliyah Muhammad's "Rule 55(c) Motion to Set Aside Clerk's Entry of Default." ECF 126. Plaintiff previously indicated that she opposed vacating the Clerk's entry of default against Defendant Muhammad. ECF 124. Further briefing is not necessary for me to adjudicate the Motion. D.C.COLO.LCivR 7.1(d). Neither is oral argument. D.C.COLO.LCivR 7.1(h). As follows, I **grant** the Motion. ECF 126.

### BACKGROUND

Plaintiff Jane Doe, proceeding under a pseudonym, filed this lawsuit on September 4, 2023. ECF 1. This case arises out of social media posts in which Defendant Mark Anthony Young is alleged to have "post[ed] [Plaintiff's] professional images on social media accounts for Elite AB Clinic without her permission, authorization, or consent." *Id.* at 5. Plaintiff alleges that Defendants Young and Muhammad "are United Kingdom citizens" and "directors and owners of Elite AB Clinic." *Id.* at 2. The Complaint includes claims for copyright infringement, misappropriation of

likeness, intentional infliction of emotional distress, respondeat superior, aiding and abetting, and a permanent injunction. *Id*. at 9–15.

On August 15, 2024, the Clerk of Court entered default against all Defendants at Plaintiff's request. ECF 29. Three months later, Defendant Young filed a Motion to Set Aside Clerk's Entry of Default. ECF 102. I held a Conference shortly thereafter, during which I granted Defendant Young's Motion, vacated the Clerk's Entry of Default against him, and set his responsive pleading deadline. ECF 107. In light of my ruling, Plaintiff voluntarily withdrew her pending Motion for Default Judgment against all Defendants and agreed to refile it as to only the remaining two defaulted Defendants. *Id*.; *see also* ECF 50.

Plaintiff filed her revised "Motion for Default Judgement Against Defendants Elite AB Clinic and Carol Aaliyah Muhammad with Request for Evidentiary Hearing on Damages" on December 9, 2024. ECF 115. The very next day, Defendant Muhammad made her first appearance in this case by filing a Motion to Dismiss. ECF 117. I ordered Plaintiff to file a Notice on the Docket indicating whether she would agree to vacate the Clerk's entry of default against Defendant Muhammad and withdraw her revised Motion for Default Judgment to refile it for a third time, this time only against Defendant Elite AB Clinic, Ltd., the only remaining Defendant to not have appeared in the case. ECF 122. Plaintiff declined both. ECF 124. Defendant Muhammad has now filed the instant Motion, asking the Court "to set aside the Clerk's Entry of Default" against her. ECF 126.

## **LEGAL STANDARDS**

In relevant part, Fed. R. Civ. P. 55(c) states that "[t]he court may set aside an entry of default for good cause." However, "it is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than

2

the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted). Moreover, "[t]he standard for setting aside an entry of default under Rule 55(c) is fairly liberal because the preferred disposition of any case is upon its merits and not by default judgment." *Crutcher v. Coleman*, 205 F.R.D. 581 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)) (internal quotations marks omitted).

The three factors in determining whether a defendant has met the good cause standard to set aside a clerk's entry of default are: (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presented a meritorious defense. *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). "The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is on the merits and not by default judgment.'" *Crutcher*, 205 F.R.D. at 584 (quoting *Gomes*, 420 F.2d at 1366). The district court has broad discretion in determining whether to set aside an entry of default. *See, e.g.*, *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (reviewing decision to set aside entry of default for an abuse of discretion).

## ANALYSIS

Beginning with the first factor, I do not find that Defendant Muhammad's default was the result of her culpable conduct. In conversations that I had with the Parties on the record at two prior Status Conferences, ECFs 61 and 107, Defendant Young insisted that Defendant Muhammad had no actual knowledge of this lawsuit because she was not personally served and he had not informed her of these proceedings. At the most recent Status Conference I held on November 25,

3

2024, Defendant Young stated that he planned to tell Defendant Muhammad of this lawsuit so that she could appear in it. Approximately two weeks later, she did exactly that. *See* ECF 117. Based on this record, I cannot find that Defendant Muhammad's default was willful or inexcusable. *Crutcher*, 205 F.R.D. at 584 (citing *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993)).

As to the second factor, "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *SecurityNational Mortgage Co. v. Head*, No. 13–cv–03020–PAB–BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)) (internal quotation marks omitted). A plaintiff may be prejudiced where their ability to pursue a claim is hindered. *Id*. Simply incurring expenses related to a defendant's default is not enough to prove unmitigable prejudice. *Crapnell v. Dillon Companies, Inc.*, No. 14-cv-01713-KLM, 2015 WL 328524, at *7 (D. Colo. Jan. 23, 2015). Requiring Plaintiff to litigate her case on the merits, rather than award her with a default judgment, is not prejudicial enough for me to refuse to set aside the Clerk's entry of default against Defendant Muhammad. This is especially true because, while this case has been pending for over a year, it is still in its procedural infancy: little to no discovery has been exchanged, no Scheduling Order has been entered, and aside from the Motions for Default Judgment, no dispositive motions have been filed. *See* Docket. Thus, I do not find that Plaintiff would be prejudiced by vacating the Clerk's entry of default against Defendant Muhammad.

Finally, Defendant Muhammad has asserted multiple defenses against Plaintiff's claims in both her Motion to Dismiss and Motion to Set Aside Clerk's Entry of Default. ECFs 117, 126. She challenges the validity of service, disputes her ownership interest in Elite AB Clinic, Ltd., and argues that Plaintiff failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6). *Id*. The third

factor in this analysis does not require Defendant Muhammad to demonstrate a likelihood of success on the merits of these defenses; she "need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Crutcher*, 205 F.R.D. at 585. Without commenting on whether her arguments will ultimately win the day, Defendant Muhammad has proffered legitimate defenses to Plaintiff's claims that, if proven, would be meritorious. Accordingly, I find that the third factor also favors vacating the Clerk's entry of default against Defendant Muhammad.

## CONCLUSION

In light of the foregoing, I **grant** Defendant Muhammad's Motion [ECF 126]. The Clerk of Court is ordered to **vacate** the Clerk's entry of default against her [ECF 29[1]].

Moreover, I **deny as moot** Plaintiff's Motion for Default Judgment Against Defendant Elite AB Clinic and Carol Aaliyah Muhammad [ECF 115/118] because it is, in part, directed at Defendant Muhammad who is no longer defaulted. Plaintiff may refile a revised Motion for Default Judgment asserted against Defendant Elite AB Clinic, Ltd., the only remaining defaulted defendant in this case, on or before **January 3, 2025**.

Further, I set the following briefing schedule on Defendant Muhammad's Motion to Dismiss [ECF 117]: Plaintiff shall respond on or before **January 9, 2025**, and Defendant Muhammad may reply on or before **January 30, 2025**.

---

[1] The Clerk's entry of default against Defendant Elite AB Clinic, LTD, remains entered. ECF 29.

DATED at Denver, Colorado, this 19th day of December, 2024.

BY THE COURT:

Michael E. Hegarty
Chief United States Magistrate Judge

6