IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02255-SKC-MEH

JANE DOE,

    Plaintiff,

v.

MARK ANTHONY YOUNG,
CAROL AALIYAH MUHAMMAD, and
ELITE AB CLINIC, LTD,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, Chief U.S. Magistrate Judge, on January 3, 2025.**

    Before the Court are three motions filed by pro se Defendant Mark Anthony Young: "Defendant's Motion to Consolidate or Enjoin Claims against Elite AB Clinic, Ltd. Under Fed. R. Civ. P. 20(A) and 42(A)" [ECF 110]; "Defendant's [sic] Youngs Motion to Strike Improper Inclusion of Defendant Carol Muhammad in Plaintiff's Response to ECF 110" [ECF 133]; and "Motion to Clarify or Correct the Record" [ECF 134].

    The Court first turns to Defendant's Motion to Consolidate. ECF 110. In it, Defendant Young effectively asks the Court to dismiss Defendant Elite AB Clinic, Ltd. as a defendant, or otherwise "consolidate" or "join" the interests of the two defendants. *Id*. at 2. As the Court has explained several times to Defendant Young, "a pro se litigant[] cannot represent the interests of another Party in a case." ECF 46 at 2 (citing *Blosfield v. McCarthy*, No. 19-cv-03201-GPG, 2019 WL 13337337, at *2 (D. Colo. Dec. 19, 2019) ("[A] *pro se* litigant may not represent other *pro se* litigants in federal court.")); *see also* ECF 122 at 1. Thus, Defendant Young cannot ask the Court for relief pertaining to another defendant. Further, even if Defendant Young could ask for relief on the entity's behalf, the cited Federal Rules of Civil Procedure are inapplicable here. Rules 20(a)(2) and 42(a) permits a court to consolidate separate lawsuits under certain circumstances; here, however, both defendants are being sued in the same case. Accordingly, the Court **denies** the Motion. ECF 110.

    Next, the Court addresses Defendant Young's Motion to Strike. ECF 133. The Motion asks the Court to strike portions of Plaintiff's Response to Defendant Young's Motion to Consolidate for improperly including Defendant Muhammad. *Id*. at 1. As stated above, Defendant Young cannot represent another defendant's interests in a case. *Blosfield*, 2019 WL 13337337, at *2. Moreover, even if Defendant Young could ask for relief on Defendant Muhammad's behalf, the

Court perceives no impropriety in Plaintiff's Response under Rule 12(f). Accordingly, the Court **denies** the Motion. ECF 133.

Finally, the Court considers Defendant Young's Motion to Clarify. ECF 134. Defendant Young asks the Court to correct its Courtroom Minutes for a Status Conference held on November 25, 2024 [ECF 107]. *Id*. at 4. Specifically, Defendant Young takes issue with this sentence: "The Court will amend the Restriction Level from Level 3 to Level 1 to allow all case participants to access to the filing." ECF 107 at 1. Defendant Young asserts that this sentence is incorrect because he had access to the restricted filings even when they were at Level 3; however, this is incorrect. According to the District's Local Rules, "There are three levels of restriction. Level 1 limits access to the parties and the court. Level 2 limits access to the filing party and the court. Level 3 limits access to the court." D.C.COLO.LCivR 7.2(b). Thus, Defendant Young did not previously have access to those filings on the Docket. Moreover, the Court perceives absolutely no prejudice from the wording of its Courtroom Minutes. The Court notes additionally that its Minutes are simply records of the proceedings for the convenience of the Parties; they are not Orders of the Court, nor are they binding on the Parties. Only what the Court says on the record during a proceeding is the actual Order of the Court. Accordingly, the Court **denies** the Motion. ECF 134.

As a general reminder, pro se Defendants shall maintain an up-to-date mailing address with the Clerk of Court by filing a Notice every time their address changes.