FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*3:36 pm, Jan 15, 2025*
JEFFREY P. COLWELL, CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

**Case No. 1:23-cv-02255-SKC**

**JANE DOE**,

Plaintiff,

v.

**MARK ANTHONY YOUNG, CAROL AALIYAH MUHAMMAD, and ELITE AB CLINIC, LTD.,**

Defendants.

# DEFENDANT YOUNG'S MOTION TO ENFORCE PROCEDURAL RULES AND PRESERVE RIGHT TO OPPOSE RESTRICTED FILINGS

Defendant **Mark Anthony Young**, proceeding **pro se**, respectfully submits this **Motion to Enforce Procedural Rules and Preserve Right to Oppose Restricted Filings**, in response to Plaintiff's recent email to chambers dated January 15, 2025. Plaintiff's email improperly seeks clarification or relief outside the procedural framework established by the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Colorado.

For the reasons set forth below, Defendant Young respectfully requests that the Court enforce **Local Rule 7.2(d)** by directing Plaintiff to file all requests for relief, including any motions to restrict, through the proper motion process on the public docket and preserve **Defendant Young's** right to object to any such motions.

## 1. Background

1. On or around January 15, 2025, Plaintiff sent an email to chambers requesting clarification as to whether a single motion to restrict could be filed for ECF Nos. 115 and 147.
2. ECF No. 115 is Plaintiff's original motion for default judgment, which was directed at both Defendant Carol Aaliyah Muhammad and Defendant Elite AB Clinic, Ltd.
3. ECF No. 147 is Plaintiff's revised motion for default judgment, which is limited solely to Defendant Elite AB Clinic, Ltd.
4. Despite these differences, Plaintiff seeks to consolidate her request to restrict the exhibits attached to both motions under a single restriction process.
5. Plaintiff has not raised this issue via a motion filed on the public docket, as required by Federal Rule of Civil Procedure 7(b)(1) and Local Rule D.C.COLO.LCivR 7.2.
6. Local Rule D.C.COLO.LCivR 7.2(d) explicitly provides that **"[a]ny person may file an objection to the motion to restrict no later than three court business days after the filing of the motion."** Plaintiff's informal communication with chambers attempts to bypass this process and deprives Defendant Young of his procedural right to object to any motion to restrict (EFC115)

## 2. ECF No. 115 and ECF No. 147 Require Separate Restriction Analyses

Plaintiff's argument that the same restriction order can apply to both ECF Nos. 115 and 147 is procedurally and substantively flawed:

### A. ECF No. 115 Involves Two Defendants

- ECF No. 115 is Plaintiff's original motion for default judgment and applies to both Defendant Carol Aaliyah Muhammad and Defendant Elite AB Clinic, Ltd. The exhibits attached to ECF No. 115 may contain information specific to Defendant Muhammad, Defendant Elite AB Clinic, or both.
- Since the Court has vacated the entry of default against Defendant Muhammad (ECF No. 126) and denied ECF No. 115 as moot, any restriction analysis for ECF No. 115 must address the broader context of its application to two defendants and the procedural posture of that filing.

### B. ECF No. 147 Is Limited to One Defendant

- ECF No. 147, by contrast, is a revised motion for default judgment directed solely at Defendant Elite AB Clinic, Ltd.
- The exhibits attached to ECF No. 147 must be reviewed independently to determine whether restriction is appropriate based on the specific contents of this motion and its relevance to the single remaining defendant (Elite AB Clinic).

### C. Local Rule 7.2(c) Requires a Separate Justification for Each Filing

- Under **Local Rule D.C.COLO.LCivR 7.2(c)**, a party seeking to restrict access to judicial records must file a motion that provides a **specific justification for restriction** for each document or filing.
- Plaintiff's attempt to consolidate restriction requests for ECF Nos. 115 and 147 ignores the fact that these filings involve different defendants, different procedural contexts, and potentially different exhibits.
As such, the rule requires Plaintiff to provide separate justifications for restricting each filing, rather than assuming a blanket restriction applies to both.

### 3. Plaintiff's Email Is Procedurally Improper

Plaintiff's email to chambers is procedurally improper for the following reasons:

### A. Relief Must Be Sought via Motion on the Docket

Under the Federal Rule of Civil Procedure 7(b)(1), any request for relief must be made by motion and must "state with particularity the grounds for seeking the order." Similarly, Local Rule D.C.COLO.LCivR 7.2(c) requires a party seeking restriction of documents to file a motion justifying the restriction and meeting specific criteria.

**Plaintiff's email bypasses this formal process and improperly seeks relief through informal communication.**

### B. Defendant's Right to Object Is Being Circumvented

Local Rule 7.2(d) provides that parties, and even non-parties, have a right to object to motions to restrict. Plaintiff's email undermines this process by preemptively seeking clarification or relief from chambers, which could result in a determination before Defendant Young has an opportunity to assess and object to the motion.

### C. ECF No. 115 and ECF No. 147 Are Procedurally and Substantively Distinct

As noted above, ECF Nos. 115 and 147 involve different defendants, different procedural contexts, and potentially different exhibits. Plaintiff's attempt to consolidate restriction requests for these filings would deny Defendant Young the opportunity to evaluate and object to the specific restriction justifications for each filing, as required by Local Rule 7.2(d).

## 4. Relief Requested

For the foregoing reasons, Defendant Young respectfully requests that the Court:

1. **Direct Plaintiff to File Proper Motions on the Docket**: Require Plaintiff to file any request for relief, including clarification or motions to restrict, as formal motions on the docket in compliance with Federal Rule of Civil Procedure 7(b)(1) and Local Rule D.C.COLO.LCivR 7.2.
2. **Require Separate Restriction Analyses for ECF Nos. 115 and 147**: Direct Plaintiff to file separate motions to restrict for ECF Nos. 115 and 147, as required under Local Rule 7.2(c), to avoid procedural confusion and ensure a proper record.
3. **Preserve Defendant's Right to Oppose Motions to Restrict**: Confirm that Defendant Young retains the right to oppose any motion to restrict under Local Rule D.C.COLO.LCivR 7.2(d).
4. **Decline to Consider Plaintiff's Informal Email**: Decline to take any action or issue any ruling based on Plaintiff's email to chambers, as it was not properly filed as a motion on the docket.

## 5. Conclusion

Defendant Young respectfully submits this motion to protect his procedural rights and ensure compliance with the Court's rules. Defendant further reserves the right to challenge any future motions or filings by Plaintiff that improperly seek to restrict judicial records or bypass procedural requirements.

Respectfully submitted,

**/s/ Mark Anthony Young**

Mark Anthony Young

Pro Se Defendant

Suite 51, 2 Mount Sion

Tunbridge Wells, Kent TN1 1UE

Email: markyoung@eliteabclinic.com

Dated: January 15th, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15th, 2025, a true and correct copy of the foregoing Counterclaim was served via email to:

**Cassandra M. Kirsch**

The Law Office of Cassandra M. Kirsch, LLC

600 17th Street, Ste. 2800-S

Denver, CO 80202

Email: ckirsch@cmklawoffice.com

By Hand

Carol Aaliyha Muhammad,

**/s/ Mark Anthony Young**

Mark Anthony Young