IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02255-SKC-CYC

JANE DOE,

      Plaintiff,

v.

MARK ANTHONY YOUNG,
CAROL AALIYAH MUHAMMAD, and
ELITE AB CLINIC, LTD,

      Defendants.

___

## MINUTE ORDER
___

**Entered by Cyrus Y. Chung, U.S. Magistrate Judge, on January 17, 2025.**

      Before the Court are no less than eight filings in this case from Defendant Mark Anthony Young. *See* ECF Nos. 144, 152, 155, 160, 166, 170, and 172. Without awaiting a Response or holding oral argument, *see* D.C.COLO.LCivR 7.1(d), the Court addresses the aforementioned filings.

### ECF No. 144 – Motion for In-Camera Review ECF 1 and Related Relief

      Young first asks the Court to conduct an in-camera review of certain exhibits attached to the plaintiff's Complaint, ECF No. 1, and declare them to be false, fabricated, or otherwise misrepresenting facts. The Court denies the invitation to do so. For one thing, at this stage of litigation, the Court is not engaged in factfinding on the merits. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring "assumption that all the allegations in the complaint are true (even if doubtful in fact)" on a motion to dismiss); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (teaching that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial"). For another, determining authenticity is not grounds for an in-camera review of the exhibits. *See Kirzhner v. Silverstein*, 870 F. Supp. 2d 1145 (D. Colo. 2012), on *reconsideration in part*, 09-CV-02858-RBJ-BNB, 2012 WL 1222368 (D. Colo. Apr. 10, 2012) ("The rest of defendants' argument amounts to counsel's implied suggestion that plaintiff's counsel's determination of what portions of documents should be redacted based upon a claim of privilege cannot be trusted, and therefore, that the magistrate judge should have reviewed the redactions in camera. A mere suspicion is not enough, or judges would have to, if asked, examine in camera every document ever withheld on privilege grounds."); *see also Krenning v. Hunter Health Clinic, Inc.*, 166 F.R.D. 33, 35 (D. Kan. 1996)

("In camera procedures should be a rare procedure in discovery disputes. Such a procedure requires a great deal of a court's time and energy . . . ."). To the extent that Young invokes Fed. R. Civ. P. 1, *see* ECF No. 144 at 5, that dictates how the Federal Rules of Civil Procedure ought to be "construed, administered, and employed by the court and the parties." It is not a rule that enables the Court to upend the rest of the Rules to bypass the procedure they set out and head straight to factfinding.

Defendant's Motion for In-Camera Review ECF 1 and Related Relief, therefore, is **DENIED**.

### ECF No. 152 — Motion for Guidance Regarding Plaintiff's Improper Use of Restriction and Impact on Obtaining Counsel ECF 129

Young's second filing — Motion for Guidance Regarding Plaintiff's Improper Use of Restriction and Impact on Obtaining Counsel ECF 129 [ECF No. 152] — is **GRANTED IN PART and DENIED IN PART.**

In line with its obligation to construe pro se pleadings liberally, the Court construes the defendant's first request as a motion to share restricted filing with prospective counsel. That portion of the motion is **GRANTED**. Restriction places a document out of public access. It does not prevent a party from sharing restricted filings privately with prospective counsel. Young is reminded, given the exhibits to this motion, that "sharing privately" does not mean use in public internet solicitation for legal advice, which would defeat the purpose of restriction.

Young's remaining requests seeking guidance on how to address the plaintiff's use of restriction and how to contest evidence in the case are **DENIED** for three reasons. First, Young, in essence, is requesting legal advice from the Court. The Court may not, and will not, give legal advice to parties, regardless of whether they are proceeding pro se. *Zimmerman v. The CIT Grp., Inc.*, No. 08-cv-00246-ZLW-KLM, 2008 WL 4874124, at *1 (D. Colo. Nov. 10, 2008). Second, although Young insists that this motion does not seek to "defend the clinic directly or indirectly," that is the only possible way that portions of this Motion can be understood. As the Court has explained before, *see* ECF Nos. 46 and 122, "a pro se litigant[] cannot represent the interests of another Party in a case." *See Blosfield*, 2019 WL 13337337, at *2; *see also Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("[A] corporation must appear in court through an attorney, not through a non-attorney corporate officer appearing pro se."). Thus, Young cannot ask the Court for relief pertaining to another defendant. Third, it appears that Young asserts that he is unable to view the Plaintiff's filings. However, a Level 1 Restriction still allows for parties and the Court to have access to the filings. *See* D.C.COLO.LCivR 7.2(b). Plaintiff is required to serve all her filings directly on Young (and has been doing so via email according to the Certificates of Service accompanying her filings). Those are the copies of filings that give Young access to the filings of which he complains. If, for some reason, Young requires additional copies of those docket entries, he may follow the Copy Request Form Instructions available at http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx. It is unclear, then, what barrier exists between Young and the filings in question.

### ECF No. 155 — Notice Requesting Clarification and Updating of the Docket

Young's Notice Requesting Clarification and Updating of the Docket [ECF No. 155] seeks to annotate certain docket entries to alleviate Court confusion. The Court has ample experience reading federal dockets. It is not confused, and none of the proposed annotations are necessary. For example, ECF No. 50's status as being withdrawn is, in fact, notated on ECF No. 50 and at ECF No. 107. ECF No. 69's being denied without prejudice is sufficiently documented at ECF No. 77. ECF No. 79's restriction status at Level 1 is reflected in the courtroom minutes at ECF No. 107 and, for that matter, at ECF No. 79. No more is necessary. That Young might want those events notated again in a different fashion is not a reason to do so.

The motion [ECF No. 155] is therefore **DENIED**.

### ECF No. 160 — Motion for Clarification Regarding ECF 158

Young's fourth filing — Motion for Clarification Regarding ECF 158 [ECF No. 160], to the extent it asks for legal advice and opinions about the propriety of certain pleadings, is **DENIED**. The Court cannot provide such advice. *See Zimmerman*, 2008 WL 4874124, at *1. Nevertheless, the Court notes that the documents in ECF No. 147 are under Level 1 restrictions. As such, a public entry was created for the parties to see. There is nothing improper about that and no legal effect of that except to let the public know the title of ECF No. 147. To the extent Young is curious about the contents of ECF No. 147, the Plaintiff has been serving all her filings directly to Young via email, and he may refer to that emailed copy for ECF No. 147's contents.

### ECF Nos. 166 and 170

Young's fifth and sixth filings — Motion for Restriction on ECF 115 and Clarification on Exhibit [ECF No. 166] and Motion to Enforce Procedural Rules and Preserve Right to Oppose Restricted Filings [ECF No. 170] — are **DENIED AS MOOT**. The Court addressed Young's motions in ECF No. 177.

### ECF No. 172 — Motion to Strike Paragraph 6

Young's seventh filing — Motion to Strike Paragraph 6 of Plaintiff's Affidavit [ECF No. 172] — is **DENIED**. To the extent Young relies on Fed. R. Civ. P. 56(c)(4), that is a rule for motions for summary judgment. There is no motion for summary judgment pending. To the extent that Young is arguing that service was improper, this argument is waived. *See* Fed. R. Civ. P. 12(h)(1)(A). It was to be raised by way of motion before the Answer was filed. *See* Fed. R. Civ. P. 12(b)(4), (5). It was not. It is therefore waived.

### ECF No. 176 — Notice to the Court Regarding Clarification of Facts Related to Defendant Elite AB Clinic, Ltd.

Young's eighth filing — Notice to the Court Regarding Clarification of Facts Related to Defendant Elite AB Clinic, Ltd [ECF No. 176] — is **DENIED**. This notice is on behalf of Defendant Elite AB Clinic, Ltd., however, as the Court has told Young on multiple occasions,

3

Defendant Elite AB Clinic, Ltd. must appear through counsel. *See Harrison*, 253 F.3d at 556 ("a corporation must appear in court through an attorney, not through a non-attorney corporate officer appearing pro se.").

Although the Court addressed Young's fifth and eighth motions, the Court notes that they do not articulate any efforts at conferring with opposing counsel prior to their filing. The Court reminds Young that, except in certain circumstances, it is required in this District that, before filing a motion, the moving party contact opposing counsel and confer on the relief requested. Indeed, pursuant to the District of Colorado's Local Rules which are available on the Court's website, "Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." D.C.COLO.LCivR 7.1(a).

In light of the foregoing, the Court **DENIES** Young's Motion for In-Camera Review ECF 1 and Related Relief [ECF No. 144].

The Court **GRANTS IN PART AND DENIES IN PART** Young's Motion for Guidance Regarding Plaintiff's Improper Use of Restriction and Impact on Obtaining Counsel ECF 129 [ECF No. 152].

The Court **DENIES** Young's Motion for Clarification Regarding ECF 158 [ECF No. 160], Notice Requesting Clarification and Updating of the Docket [ECF No. 155], Motion to Strike Paragraph 6 of Plaintiff's Affidavit [ECF No. 172], Notice to the Court Regarding Clarification of Facts Related to Defendant Elite AB Clinic, Ltd [ECF No. 176].

The Court **DENIES AS MOOT** Young's Motion for Restriction on ECF 115 and Clarification on Exhibit [ECF No. 166] and Motion to Enforce Procedural Rules and Preserve Right to Oppose Restricted Filings [ECF No. 170].

4