IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02255-SKC-CYC

JANE DOE,

      Plaintiff,

v.

MARK ANTHONY YOUNG and
ELITE AB CLINIC, LTD,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff Jane Doe moves to enforce a settlement agreement between her and defendant Mark Young and requests attorney's fees and costs related to this motion. ECF No. 233 (publicly available at ECF No. 255). Because the parties had a meeting of the minds as to the settlement agreement's material terms, the Court **RECOMMENDS** that motion be **GRANTED IN PART**. The Court further **RECOMMENDS** that plaintiff's request for attorney's fees and costs be **DENIED** because Young did not act in bad faith, vexatiously, or wantonly.

## BACKGROUND

The plaintiff commenced this action on September 4, 2023, asserting various claims against the defendants related to their use of her likeness on social media. ECF No. 1 ¶¶ 55–85. After months of contentious litigation, the plaintiff and Young agreed to a settlement conference with the undersigned. ECF No. 214 at 2–3. The conference, held on March 31, 2025, proved fruitful. ECF No. 229. After lengthy discussions, the parties reached an agreement to end the case, memorializing the material terms of that agreement in writing (the "Material Terms

Sheet"). ECF No. 233-1 (publicly available at 255-1). The undersigned then verified on the

record that both parties were entering into the agreement freely and voluntarily after having had

an opportunity to review the Material Terms Sheet. March 31, 2025 FTR at 2:51:30–2:52:40.

The undersigned instructed the parties to file dismissal documents within forty-five days of the

hearing. ECF No. 229 at 1. The Material Terms Sheet instructed the parties to complete a formal

final settlement agreement incorporating the material terms and to file dismissal papers within

twenty-one days of signing the final settlement agreement. ECF No. 233-1 at 1–2.

On April 3, 2025, the plaintiff emailed a draft of the final settlement agreement to Young.

ECF No. 233-4 at 14 (publicly available at ECF No. 255-4). After proffering several reasons for

delay, including the seeking of legal advice and the passing of United Kingdom bank holidays,

Young sent the plaintiff a modified draft of the final settlement agreement. *Id.* at 13–14. That

draft included material changes. *See id.* at 11–13. After further negotiations, Young's sole

remaining desired change to the draft final settlement agreement was to include a provision that

this Court retain jurisdiction to enforce it. *Id.* at 1–2. The plaintiff objected and filed this motion.

## ANALYSIS

"A trial court has the power to summarily enforce a settlement agreement entered into by

the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491,

1496 (10th Cir. 1993). Federal courts apply state contract law when deciding issues involving the

formation, construction, and enforceability of a settlement agreement. *United States v. McCall*,

235 F.3d 1211, 1215 (10th Cir. 2000). The essential elements of an agreement to settle a case,

under Colorado law, are "a manifestation of agreement (an offer and acceptance) on payment,

release, and case dismissal terms (the consideration) between parties who have the capacity and

authority to agree." *Gates Corp. v. Bando Chem. Indus., Ltd.*, 4 F. App'x 676, 685–86 (10th Cir.

2001).

2

A "meeting of the minds" as to the settlement agreement's terms and conditions must

exist for the settlement agreement to be binding and enforceable. *H.W. Houston Constr. Co. v.*

*Dist. Court*, 632 P.2d 563, 565 (Colo. 1981). But for a court to find that an agreement has been

reached, "it must appear that further negotiations are not required to work out important and

essential terms." *Joseph Brazier, LTD. v. Specialty Bar Prods. Co.*, No. 06-cv-01416-WDM-

KLM, 2009 WL 690308, at *2 (D. Colo. March 12, 2009). "The terms of the settlement

agreement must be clear, unambiguous, and capable of enforcement." *City & Cnty. of Denver v.*

*Adolph Coors Co.*, 813 F. Supp. 1476, 1479 (D. Colo. 1993). A finder of fact determines whether

negotiations are sufficiently definite and final to create a binding contract. *Shoels v. Klebold*, 375

F.3d 1054, 1062 (10th Cir. 2004). "[E]vidence of the parties' conduct, their oral statements and

their writings, and other evidence illuminating the circumstances surrounding the making of an

agreement are admissible to clarify the intent and purpose of the parties." *I.M.A., Inc. v. Rocky*

*Mountain Airways, Inc.*, 713 P.2d 882, 888 & n.6 (Colo. 1986) (citations omitted).

That a party is later dissatisfied with the terms of the settlement agreement is not

sufficient grounds to set it aside. *Brackens v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 07-cv-

01953-REB-KMT, 2008 WL 906121, at *3 (D. Colo. Apr. 1, 2008). "The law favors

compromise and settlement and such resolution will typically be sustained by the court."

*Citywide Bank of Denver v. Herman*, 978 F. Supp. 966, 977 (D. Colo. 1997) (citing *Resol. Tr.*

*Corp. v. Avon Ctr. Holdings, Inc.*, 832 P.2d 1073, 1075 (Colo. App. 1992)).

While "[a] court may 'summarily enforce a settlement agreement if it is undisputed that a

settlement exists,'" a hearing is necessary if the parties dispute the terms or existence of the

settlement. *Silva v. US Bank, Nat'l Assoc.*, 294 F. Supp. 3d 1117 (D. Colo. 2018), *report and*

*recommendation adopted*, 2018 WL 10561514 (D. Colo. Mar. 19, 2018) (quoting *DiFrancesco*

3

*v. Particle Interconnect Corp.*, 39 P.3d 1243, 1247 (Colo. App. 2001)); *see also Yaekle v. Andrews*, 169 P.3d 196, 200 (Colo. App. 2007), *aff'd on other grounds,* 195 P.3d 1101 (Colo. 2008). Here, no evidentiary hearing is necessary. Young does not dispute the existence of a binding agreement or the terms of the Material Terms Sheet. ECF No. 233-4 at 10.

Instead, Young wants to add a new term requiring this Court to retain jurisdiction to enforce the final settlement agreement. That provides no reason to question the binding nature of the Material Terms Sheet. After all, "later dissatisfaction with the terms of a stipulated compromise agreement is not sufficient grounds to set it aside." *Brackens*, 2008 WL 906121, at *3 (quoting *Royal v. Colo. State Personnel Bd.*, 690 P.2d 253, 255 (Colo. App. 1984); *see Rauch v. Sutphin Elec. Motors, Corp.*, No. 05-cv-02429-REB-BNB, 2007 WL 184667, at * 4 (D. Colo. Jan. 19, 2007) ("The fact that a party later changes his mind or is dissatisfied with the bargain he struck are not permissible grounds to defeat enforcement of a valid settlement agreement."). The Material Terms Sheet, then, remains binding.

Nor was its direction to complete a final settlement agreement an invitation to begin renegotiating material terms; an "eleventh-hour attempt to renegotiate to include other terms does not change the essential terms that the parties agreed to during the settlement conference." *Email On Acid, LLC v. 250ok, Inc.*, No. 19-CV-03496-RMR-KLM, 2023 WL 2813265, at *3 (D. Colo. Apr. 6, 2023). Young had ample opportunity to ask for additional terms before signing the Material Terms Sheet or before agreeing, on the record, that he was entering into the agreement freely and voluntarily after having had an opportunity to review that document. March 31, 2025 FTR at 2:51:30–2:52:40; *see Alzado-Lotz v. Mut. Sec., Inc.*, No. 20-CV-02928-DDD-MEH, 2024 WL 3836003, at *2 (D. Colo. May 15, 2024). And the Court retaining jurisdiction is no trivial matter such that it would not qualify as a material term; it is "a judicially sanctioned change in

4

the legal relationship of the parties." *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1320

(11th Cir. 2002) (quotation marks omitted). Accordingly, Young is bound by the terms to which

he manifested clear assent.

Young provides no meaningful response to the motion. His response simply argues that

the plaintiff's motion is premature and mischaracterizes his conduct and compliance. ECF No.

238 at 4. He does not detail how any mischaracterization changes the outcome of the motion.

And the motion is not premature. Indeed, the undersigned directed the parties file dismissal

papers by May 15, 2025, or within forty-five days, ECF No. 229 at 1, but ordered that they file

the dismissal papers within twenty-one days of executing a final settlement agreement, ECF No.

233-1 at 2. To have the maximum time to file dismissal papers, the final settlement agreement

needed to be executed by April 24, 2025. Because it was clear that the plaintiff and Young were

not going to reach an agreement, the plaintiff filed the instant motion on May 3, 2025. *See* ECF

No. 239 at 1–2 (publicly available at ECF Nos. 241, 256). The motion is timely.

As a final matter, the plaintiff moves for attorney's fees and costs, citing Young's delay

and ultimate failure to execute a formal final settlement agreement. ECF No. 233 at 13–15.

Generally, each party bears its own costs of litigation unless statutory authority provides

otherwise or an exception to the rule applies. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,

421 U.S. 240, 245 (1975). A district court may grant attorneys' fees against a losing party when

it has acted in bad faith, vexatiously, or wantonly. *Id.* "A party acts in bad faith only when the

claim is brought entirely without color and has been asserted wantonly, for purposes of

harassment or delay, or for other improper reasons." *Sterling Energy, Ltd. v. Friendly Nat'l

Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984) (internal quotation marks omitted). While Young

did attempt to alter the material terms, ultimately leading to the filing of this motion, his

5

communications with the plaintiff demonstrate a lack of knowledge of the legal process, not bad

faith or vexatious conduct. ECF No. 233-4 at 2, 9. No award of fees is therefore warranted.

### **CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS**[1] that the plaintiff's motion to

enforce the settlement agreement, ECF No. 233 (publicly available at ECF No. 255), be

**GRANTED in part**. The Court further **RECOMMENDS** that Young be ordered to sign the

formal final settlement agreement and Joint Stipulated Notice of Dismissal, attached to the

plaintiff's motion at ECF No. 233-6 and 233-12, within fourteen days of final resolution of this

motion. The Court also **RECOMMENDS** the request for attorney's fees and costs be **DENIED**.

DATED this 11th day of February, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>